LAURENSON *vs.* THE STATE, use of THE LEVY COURT, &c.—
June, 1826.

K was appointed a collector of taxes under the act of 1794, *ch.* 53, and
gave bond, with security as such, and proceeded to collect. In an action
of *debt* on the bond against I., one of the sureties, to recover such collec-
tions—*Held*, that it was not competent for I. to defend himself upon the
ground that K had not taken the oath prescribed by law. That as K was
regularly appointed collector, and bonded and acted as such, he was to
be presumed to have complied with all other necessary qualifications;
that in an action against him he could not defend himself upon the ground
of his own neglect, and that his securities, in relation to such a defence,
were in point of law, in the same situation.

In an action of *debt* on a bond with a collateral condition, breaches must be
assigned; but where there was an agreement that the defendant should
plead *nil debet*, and that he should, on the issues on that plea, give in evi-
dence all matters which he could give under any power of pleading
which could be legally used—*Held*, that although it was a loose mode of
proceeding it would be sanctioned, and that its true meaning was to waive
*on both sides* all errors in the pleadings, and to dispense with the necessi-
ty of the plaintiff's assigning breaches.

APPEAL from *Baltimore* County Court. This was an action
of debt on a collector's bond, executed to the state on the 18th
of December 1819, by *Charles Keenan, Hugh Sweeny, Phi-
lip Laurenson,* the defendant, (now appellant,) and *Neal
M'Fadon,* reciting that *Keenan* had been appointed by the levy
court for *Baltimore* county, collector of the county rate or as-
sessment for the year 1819, imposed by the said court on all
the property in that part of the city of *Baltimore,* comprising
the 1st, 10th, and 11th wards of the said city, and conditioned,
"that if the above bound *Charles Keenan* shall faithfully dis-
charge his duties as collector of the tax for the first, tenth, and
eleventh wards of the city aforesaid, then," &c. It was agreed
by the counsel of the parties in the several actions depending
on the same bond against the sureties, "that the defendants in
these cases shall plead *nil debet,* and that on the trial of the is-
sues on that plea they shall severally be entitled to make all
such legal objections, and give all kinds of evidence, which
they could be entitled to make or give by or under any mode
or form of pleas or pleading which could be legally used."
The defendant then pleaded *nil debet,* and issue was joined.

At the trial the plaintiff gave in evidence the assessment and
appointment made by the justices of the levy court for *Balti-*

*more* county, for whose use this suit is prosecuted, and among others, that of *Charles Keenan* as collector of the assessment and tax imposed on property in the 1st, 10th, and 11th wards of the city of *Baltimore*, authorising him to collect from the owners of property assessed in the said wards, at the rate or sum of one dollar on every hundred dollars so assessed. He also gave in evidence the bond entered into by *Keenan*, as before mentioned, which was proved by the subscribing witnesses thereto, on the 18th of December 1819, and the approval thereof, and order for its being recorded, and of its being recorded on the same day among the records of *Baltimore* county court by *William Gibson* clerk. He further gave in evidence the following paper or statement, the signature to which was admitted to be in the handwriting of *Charles Keenan*, the principal obligor in the said bond, viz. "Amount of the assessment of property in the old first, tenth, and eleventh wards of the city of *Baltimore*, on which the county levy has been laid in the year 1819, and to be collected by *Charles Keenan*, appointed collector of the same; and also a statement of the amount of property in the tenth and eleventh (old) wards, on which the sum of seven hundred and fourteen dollars and seventy-one cents is to be collected, towards defraying the expenses of the commissioners, surveying, &c. of the said property, for excluding the same from the direct tax of the city, viz.

First Ward,    $595,058
Tenth Ward,    550,639
Eleventh Ward, 515,643

$1,661,340 at 53 cents per $100,    $8,805 10
Excluding direct tax
     10th Ward, $210,727
Ditto  11th Ward,  209,690

$420,417 at 17 cents per $100,    714 71

$9,519 81

*I, Charles Keenan*, being appointed by the justices of the levy court for *Baltimore* county, collector as above stated, have received the books containing the alphabetical lists of the persons names in each of the said wards, with the amount of

each person's assignment annexed. The whole amount to be collected, according to the above statement, including my commission at six per cent. nine thousand five hundred and nineteen dollars and eighty-one cents. In witness whereof, I have set my hand in the city of *Baltimore,* this eighteenth day of December 1819. *Chas. Keenan.*

Witness, *Robert Walsh.*"

It was admitted that *William Gibson* was, on the 18th of December 1819, and continued to be, the clerk of *Baltimore* county court. The defendant then gave in evidence, that the said *Keenan* was born in *Ireland,* and had not been naturalized in this country, but had been living in the city of *Baltimore* from the end of the year 1815; and then prayed the opinion of the court to the jury, that the plaintiff was not entitled to recover. Which opinion the Court, [*Archer,* Ch. J. and *Hanson* and *Ward,* A. J.] refused to give. The defendant excepted. Verdict for the plaintiff, and damages assessed to $517 76. Judgment for the plaintiff on the verdict for the debt, (the penalty of the bond,) and costs. The defendant appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, STEPHEN, and DORSEY, J.

*Raymond* and *R. Johnson,* for the Appellant. 1. The person appointed collector was an alien, and did not make the declaration, or take the oath prescribed by the act of 1794, *ch.* 53, *s.* 2, to be taken by a collector, and that therefore the appellant, being a surety, was not liable on the bond. 2. No breaches were suggested by the plaintiff in pursuance of the statute. 3. The copy of the bond offered in evidence was not properly certified. 4. It does not appear that *Keenan* was appointed collector, and authorised to collect the tax imposed, nor was it proved that he did collect it, or any part of it. 5. The agreement entered into by the counsel of the parties, was only that the *defendant* might be placed in the same situation as if he had pleaded performance, &c. It does not authorise the plaintiff to do that which could not be done without the agreement. It was not intended to benefit the plaintiff, but solely for the benefit of the defendant. The plaintiff was

therefore bound to assign the breaches. *Wilmer vs. Harris,* 5 *Harr. & Johns.* 1. *Van Benthuysen vs. De Witt.* 4 *Johns. Rep.* 213. *Munro vs. Alaire,* 2 *Caine's Rep.* 329. *Drage vs. Brand,* 2 *Wils.* 377. *Hardy vs. Bern.* 5 *T. R.* 636. If issue is joined on the plea of *nil debet,* the defendant will thereby be let into any defence he has it in his power to prove. 1 *Wheaton's Selw. N. P.* 435; and *Rawlins vs. Danvers,* 5 *Esp. Rep.* 38.

*Williams,* (District Attorney of *U. S.*) and *Gill,* for the Appellee. 1. The *agreement* as to the pleadings was manifestly drawn by the defendant's counsel below, and it cannot be supposed that it was not intended to give the same latitude to the plaintiff, that it accorded to the defendant. It is in substance a *case stated,* and ought so to be construed. 2. The pleadings are perfectly correct; and the verdict was given under the act of 1785, *ch.* 80, *s.* 13. *Nil debet* is not a good plea to a bond; whether demurred to or not. *Roberts vs. Mariett,* 2 *Saund.* 187 a, *(note* 2.) *Bullis vs. Giddens,* 8 *Johns. Rep.* 82. *Smith vs. Jansen, Ibid* 111. Nor is *non infregit conventionem,* nor *non damnificatus.* If such a plea is agreed to be received with leave, it dispenses with all further pleadings, except the *similiter.* The leave can only be so construed. No breaches can with propriety then be suggested, nor a special replication to a plea of *nil debet* be put in—*Cutler vs. Southern,* 1 *Saund.* 117, *(note* 1.) 1 *Chitty's Plead.* 478 So with the pleas of *non infregit conventionem,* and *non damnificatus,* 1 *Saund.* 117, *(note* 1.) *Brent vs. Davis,* 10 *Wheat.* 396. *Corporation of Washington vs. Young, Ibid* 406. *Rawlins vs. Danvers,* 5 *Esp. Rep.* 38. No case can be found in any book of pleadings, or elsewhere, that breaches were ever assigned after a plea of *nil debet* had been put in with leave. Under such a plea there can be no oyer. 2 *Harr. Ent.* 549. To the other pleas there is oyer, which becomes a part of the declaration. *Arch. Dig.* 187. 3. Even if it fully appeared that the collector had not taken the oath, or made the declaration required, it is no defence in a suit against him or his sureties. It would prevent his sustaining a suit as plaintiff, but he cannot be permitted to set up his own *disqualification;* or

to use his own delinquency and breach of duty to resist pay-́ ment of what he has by virtue of his office become possessed of. So far as the *rights of others* are concerned, he is what he professed to be, a legally constituted officer. 16 *Vin. Ab.* tit. *Officers & Offices, (G 4,)* 114. *Harris vs. Jays, Cro. Eliz.* 699. 5 *Bac. Ab.* tit. *Offices & Officers,* 190. *Ipsley vs. Turks,* 2 *Mod.* 193. *Big. Dig.* 441. *The People vs. Collins,* 7 *Johns. Rep.* 549. *M'Instry vs. Tanner,* 9 *Johns. Rep.* 135. 4. It does not appear whether *Keenan* took the oath or made the declaration, or not. His not being a citizen of the *U. S.* is no proof that he did not take such oath. In the absence of all evidence the *presumption* is he did what his duty required of him. At least where he is called upon, he is to answer for his delinquency. The levy court did their duty. If it is proved he acted as collector, his appointment need not be proved. *Arch. Dig.* 388. *Aldersen vs. Clay,* 1 *Starkie's Rep.* 405. *Green vs. Jackson, Peake's N. P.* 236. 1 *Phill. Evid.* 170. 5. The *onus probandi* as to this fact, although a negative, rests on the defendant. 1 *Starkie's Evid.* 377, 378. *Borthwick vs. Carruthers,* 1 *T. R.* 648; and *Dickson vs. Evans,* 6 *T. R.* 57.

MARTIN, J. delivered the opinion of the Court. The defence in this case cannot be sustained. It would be contrary to every principle of law to allow a man to avail himself of his own wrong, and plead a breach of duty as an excuse for a gross fraud upon the public.

*Keenan* being regularly appointed collector under the act of 1794, *ch.* 53, having given bond, with security, for the faithful performance of his duty, and received from the levy court the necessary books to make his collection, will be presumed to have taken the oath prescribed by law, as a prerequisite to the performance of his official duties. It cannot be for him to say, a suit on this bond shall be defeated by his own neglect or malfeasance.

The securities, *in point of law,* must be placed in the same predicament. They have engaged that *Keenan* shall faithfully discharge his duty as collector, part of that duty was to take the oath prescribed by law, to enable him to make his collection, and they cannot be allowed, (in this respect,) a defence that is denied to the principal.

The appellant has also relied on errors in the pleadings— that this is an action on a bond with a collateral condition, and no breaches are assigned. This is fatal, unless cured by the agreement filed by the parties. By a paper signed by the counsel on both sides, it was agreed, in the several actions depending on the same bond against the sureties in the county court, "that the defendants in these cases shall plead *nil debet*, and that on the trial of the issues on that plea *they* shall severally be entitled to make all such legal objections, and give all kinds of evidence, which they could be entitled to make or give by or under any mode or form of pleas or pleading which could be legally used."

Whether the court are bound by a strict grammatical construction of this agreement, or may be permitted to look into the circumstances that gave rise to it to ascertain its true character, is the only difficulty presented by it. It is certainly a very loose course of proceeding, and the court cannot but express their regret, that instead of regular pleadings in the case, they are required to act on a substitute not free from ambiguity, and upon which the counsel cannot agree. See the case of *Orme vs. Lodge*, 3 *Harr.* & *Johns.* 83.

The court are of opinion, that this agreement ought to receive a liberal construction, to carry into effect what appears to have been the intention of the parties, and not one to defeat the plaintiff, whatever might have been the merits of his case. It is considered an agreement to waive *all errors in the pleadings*, and that instead of proceeding in the regular course, by praying oyer of the bond, pleading performance and assigning breaches, that the plea of *nil debet* shall be received, and under that plea the cause should be tried, as if all the pleadings had been regular. In this view of it, it would not be injurious to either party; its only effect would be to save trouble in pleading, and the merits of the case would come fairly before the jury.

If this was not intended to be its effect, it is difficult to conceive why the defendant did not avail himself of it in the court below. Both parties proceeded to the trial of the cause, under this state of the pleadings, and that affords strong evidence, that the agreement was considered as a *waiver of errors*.

JUDGMENT AFFIRMED.